IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-368-FL

| | |
|---|---|
| DERRICK ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| N.C. STATE DENTAL BOARD, KAREN ) | |
| E. LANIER, BETTER DENTAL, ) | |
| RICCOBENE DENTAL ASSOCIATES, ) | |
| and SUN RISE DENTAL, ) | |
| ) | |
| Defendants. | |

This matter is before the court for review of plaintiff's pro se complaint, (DE 1-1, 7), pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr., entered order and memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint. (DE 6). Plaintiff objected to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The M&R identifies plaintiff's claims against defendants as arising under 42 U.S.C. §§ 1982 and 1983. It concludes that plaintiff fails to state a claim under § 1982 as he fails to allege facts regarding the activities listed in § 1982, namely the inheritance, purchasing, leasing, selling, holding, and conveyance of real and personal property. See Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 348 (4th Cir. 2013) ("[Section] 1982 protects only the right 'to inherit, purchase, lease, sell, hold, and convey real and personal property' on one's own behalf."). As to plaintiff's claims under § 1983, the M&R explains plaintiff fails to allege facts showing that defendants Better Dental, Riccobene Dental Associates, and Sun Rise Dental acted under color of state law so as to trigger liability under § 1983 for constitutional violations. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (holding a plaintiff must allege that he was "deprived . . . of a federal right" by some person "act[ing] under color of state or territorial law" to state a claim for relief under § 1983). Plaintiff's claims against the N.C. State Dental Board and Karen E. Lanier ("Lanier"), president of the N.C. State Dental Board, also fail as both are immune under the 11th Amendment. See Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 760-61 (2002). To the extent plaintiff asserts a claim against Lanier in her individual capacity, plaintiff fails to provide factual support for his conclusory claims. See Fed. R. Civ. P. 8(a)(2).

Plaintiff's objections to the M&R are "general and conclusory," and they "do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano,

2

687 F.2d at 47. Rather, they explicate the standard under Fed. R. Civ. P. 12(b)(6), restate the claims made in plaintiff's complaint, and convey generally that plaintiff opposes dismissal. (See Pl. Obj. (DE 8)). The court accordingly reviews the M&R only for clear error. See Diamond, 416 F.3d at 315.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. Based on the foregoing, the court ADOPTS the recommendation in the M&R (DE 6). Plaintiff's complaint is DISMISSED. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 23rd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge